IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ISAAC DEWAYNE RUSSELL                                        PETITIONER


vs.                    Civil Case No. 5:05CV00252 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Isaac Dewayne Russell, an inmate of the Arkansas Department of Correction. Petitioner was convicted in a non-jury trial on November 8, 2004, of domestic battery in the first degree and committing the offense in the presence of a child, and he was sentenced to sixteen years imprisonment. He appealed his conviction to the Arkansas Court of Appeals, and his appeal is still pending. In the present petition, he raises the following grounds for relief:

1.  He was not charged with the crime of which he was convicted;

2.  He was denied the effective assistance of counsel;

3.  The prosecutor failed to disclose evidence favorable to the defense and

4.  His conviction was obtained through the use of a coerced confession.

In his Motion to Dismiss, Respondent asserts the petition should be dismissed because, since Petitioner's direct appeal is still pending, he has not exhausted his state court remedies.  The court agrees.  Although the state appellate court may have already issued its opinion at this time, Petitioner has raised claims of ineffective assistance of counsel, which he must present in the trial court through a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  Because it is clear to this court that Petitioner has not exhausted state court remedies, as required by 28 U.S.C. § 2254(b)(1), the petition must be dismissed.[1]  Petitioner's motion for an evidentiary hearing is denied at this time.

---

[1] Ordinarily, the court would allows petitioners time to reply to motions to dismiss.  However, Petitioner admits in his petition that his appeal is still pending and, because he must exhaust his ineffective assistance of counsel claim through state post-conviction remedies after dismissal of his appeal, there is no need to allow a reply.

IT IS THEREFORE ORDERED that Respondent's Motion to dismiss be, and it is hereby, granted.   The petition is dismissed without prejudice for failure to exhaust state remedies.

SO ORDERED this 21st day of October, 2005.


*Henry L. Jones, Jr.*
United States Magistrate Judge

4